# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

JULIAN MONTOYA,

    Plaintiff,

v.

TIM WARD,

    Defendant.

Case No. 1:17-cv-00254-LJO-EPG

**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO COMPLY WITH LOCAL RULES.**

A telephonic status conference was held in this matter on October 4, 2017. Plaintiff was represented by attorney Marguerite Melo of the law firm of Law Offices of Melo and Sarsfield, LLP, and defendant Tim Ward was represented by Michael G. Woods of the law firm of McCormick, Barstow, Sheppard, Wayte & Carruth, LLP. The parties reported at the Status Conference held on October 4, 2017, that Plaintiff JULIAN MONTOYA had failed to respond to written discovery propounded on Plaintiff by Defendant by mail on May 30, 2017 including Special Interrogatories, Set One; Request for Admissions, Set One; and Request for Production of Documents, Set One. The responses were due on July 3, 2017. Defendant noticed Plaintiff's deposition for August 1, 2017. Plaintiff's counsel John Sarsfield reported that he had been unable to communicate with Plaintiff and, therefore, was unable to produce Plaintiff for his deposition. Plaintiff's counsel also reported that he had made numerous efforts to communicate with Plaintiff without success, which included phone calls, emails, letters and multiple scheduled meetings in Plaintiff's attorney's office. Plaintiff failed to appear at multiple scheduled meetings and did not otherwise respond to any of the communications. The court then ordered Plaintiff JULIAN MONTOYA to personally appear at a status conference set for October 31, 2017 at 9:30 a.m.

On October 31, 2017 attorney Marguerite Melo appeared for Plaintiff and attorney Michael G. Woods appeared telephonically for Defendant. Plaintiff JULIAN MONTOYA failed to appear as ordered by the Court at the status conference on October 4, 2017. Plaintiff's counsel reported that they had exhausted all efforts to communicate with Plaintiff and had been unable to do so and that it

1:17-cv-00254-LJO-EPG

ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO COMPLY WITH LOCAL RULES.

McCormick, Barstow, Sheppard, Wayte & Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

had been months since they had any communications with Plaintiff.

The Court finds that Plaintiff has failed to timely respond to discovery, has failed to stay in contact with his counsel; has failed to diligently prosecute this action and has failed to comply with the Court's October 4, 2017 order to personally appear at the status conference on October 31, 2017 at 9:30 a.m.

Local Rule 110 provides that: "(f)ailure…of a party to comply with these (Local) Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions…within the inherent power of the Court."

Rule 16(f) of the Federal Rules of Civil Procedure permits the court on motion or on its own to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pre-trial conference; ..(C) fails to obey a scheduling or other pre-trial order."

Further, the failure of Plaintiff to prosecute this action is grounds for a dismissal. (In Re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217 (9th Cir. 2006) ("Rule 41(b) permits dismissal for failure of the plaintiff to prosecute or to comply with any order of the court.")

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. (Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re PPA, 460 F.3d at 1226.) These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. (In re PPA, 460 F.3d at 1226 (citation omitted).)

In this case, Plaintiff has failed to respond to discovery, has failed to remain in communication with his attorney, has failed to prosecute this matter and has disobeyed the Court's order directing his personal appearance at the status conference on October 31, 2017.

The Court finds that the public's interest in expeditiously resolving this litigation and the

ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO COMPLY WITH LOCAL RULES.

Court's interest in managing the docket weigh in favor of dismissal. The third factor (risk of prejudice to the defendant) also weighs in favor of dismissal, since a presumption of injury arises from the occurrence in delay in prosecuting an action. (Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976.)

The fourth factor –public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.

Finally, the Court has considered the availability of less drastic sanctions. (Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).) However, given Plaintiff's counsel's inability to communicate with Plaintiff and therefore, the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to comply with this Court's order or Plaintiff's failure to prosecute this action. (In Re PPA, 460 F.3d at 1228-29; Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988).)

## **ORDER**

For the reasons stated above, IS IT HEREBY ORDERED THAT:

1. This action is DISMISSED with prejudice based on Plaintiff's failure to prosecute, failure to obey the Court's order and failure to follow the Court's rules; and,

2. The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated: **November 7, 2017**          /s/ Lawrence J. O'Neill
                                     UNITED STATES CHIEF DISTRICT JUDGE

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

3                                1:17-cv-00254-LJO-EPG
ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO COMPLY WITH LOCAL RULES.